UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MATTHEW CLAYTON MALONE,

   Plaintiff,

   v.              Case No. 23-C-714

SHAWANO COUNTY DEPUTY SHERIFF
JOSHUA L. HEIDER AND SHAWANO COUNTY
SHERIFF'S DEPARTMENT,

   Defendants.

---

# SCREENING ORDER

---

Plaintiff Matthew Clayton Malone, who is currently serving a state prison sentence at the Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee, Plaintiff's motions for summary judgment, Plaintiff's motion to recover damages, Plaintiff's motion for due process/deprivation of rights, and to screen the complaint. Dkt. Nos. 1-2, 7, & 11-13.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $37.00. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on January 24, 2023, at some time between 2:45 a.m. and 6:00 a.m., he was pulled over and arrested on the side of County Road A in Shawano County. *Id*. at 3. During the arrest, Plaintiff claims that Shawano Deputy Sheriff Joshua L. Heider struck him in his legs and kidney with such force that it caused Plaintiff to urinate and defecate on himself. *Id*. Heider then twisted Plaintiff's arm so aggressively that he still has right shoulder pain daily. *Id*. Plaintiff states that he still has psychological trauma from the incident, and he seeks monetary damages, as well as punitive damages, from Deputy Heider, the Shawano County Sheriff's Department and Shawano County. *Id*. at 3-4.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

A claim that a police officer used excessive force during an arrest is analyzed under the Fourth Amendment's objective reasonableness standard. *Avina v. Bohlen*, 882 F.3d 674, 678 (7th Cir. 2018) (citing *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010)). To state a claim, Plaintiff must allege that an officer's actions were objectively unreasonable in light of the "specific circumstances of the arrest, including 'the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he [] actively resist[ed] arrest or attempt[ed] to evade arrest by flight.'" *Cyrus*, 624 F.3d at 861–62 (quoting *Graham v. Connor*, 490 U.S. 386, 396, (1989)).

3

Plaintiff alleges such a claim here. He claims that Deputy Heider struck him with such force that it caused him to urinate and defecate on himself. He states that he still has daily pain in his right shoulder from the incident and psychological trauma. It's unclear whether Plaintiff was resisting arrest or whether there were other circumstances warranting any use of force, but at this stage of the litigation, the Court is required to accept as true all factual allegations and the inferences that can reasonably be drawn from them. The amount of force alleged would seem clearly excessive. Accordingly, Plaintiff may proceed on a Fourth Amendment excessive force claim against Heider in connection with the January 24, 2023 arrest.

The Court will dismiss the Shawano County Sheriff's Department from the case because it is not a proper defendant under §1983. *Whiting v. Marathon C'nty Sheriff's Department*, 382 F.3d 700, 704 (7th Cir. 2004) (noting that the sheriff's department is not a suable legal entity separate from the county government which it serves). Although the County can be sued, the complaint fails to state any claim against it. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978) (holding that a municipality cannot be held liable for violation of civil rights under § 1983 based only on employment relationship).

The Court will also deny Plaintiff's other pending motions. *See* Dkt. Nos. 7, 11, 12, & 13. Plaintiff's motions for summary judgment are premature as discovery has not yet occurred; the "motion to recover damages" is unnecessary as Plaintiff has already included a request for punitive damages in his complaint; and his "motion for due process/deprivation of rights" is vague and unclear and does not request anything other than to proceed with this lawsuit. Plaintiff is advised that filing numerous unnecessary motions wastes scarce judicial resources and, in the future, could lead to sanctions for abuse of the judicial system. *See e.g. In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with [the Court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that

4

Case 1:23-cv-00714-WCG     Filed 08/22/23     Page 4 of 7     Document 16

these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end."); *see also Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (noting that the Court has the inherent power to sanction litigants who engage in harassing, frivolous, or abusive conduct.).

CONCLUSION

The Court finds that Plaintiff may proceed on a Fourth Amendment excessive force claim against Heider in connection with Plaintiff's January 24, 2023 arrest.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Shawano County Sheriff's Department is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that Plaintiff's motions for summary judgment (Dkt. Nos. 7 & 12) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to recover damages (Dkt. No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for due process/deprivation of rights (Dkt. No. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Deputy Heider pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived

either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Deputy Heider shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the Shawano County Sheriff and the Shawano County Corporation Counsel.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the **$313.00** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

>  Honorable William C. Griesbach
>  c/o Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  125 S. Jefferson Street, Suite 102
>  Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 22nd day of August, 2023.

>  s/ William C. Griesbach
>  William C. Griesbach
>  United States District Judge